# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Richard Martin,

                Plaintiff,      Case No. 15-cv-10330
                                      Hon. Judith E. Levy

v.                                         Mag. Judge David R. Grand

The Bank of New York Mellon
Corporation and Nationstar
Mortgage, LLC,

                Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [3]

This is a contested foreclosure case. Plaintiff Richard Martin filed a complaint in state court, generally alleging that defendants Bank of New York Mellon Corporation and Nationstar Mortgage, LLC wrongfully foreclosed on his property in violation of state and federal law, breached the mortgage contract, and made fraudulent misrepresentations to induce plaintiff not to challenge the foreclosure. (*See* Dkt. 1.) Defendants removed the case, (see *id.*), and then filed a

motion to dismiss for failure to state a claim. (*See* Dkt. 3.) For the reasons set forth below, defendants' motion is granted.

## I. Background

Unless otherwise noted, the following is drawn from the allegations plaintiff makes in his complaint.

Plaintiff was the fee simple owner of the real property located at 469 Woodlawn Avenue, Ypsilanti, Michigan 48198, and has lived there for over twenty-five years. (*See* Dkt. 1 at 17, 26.) On April 5, 2006, plaintiff obtained a loan for $105,300.00, which was secured by the property. (*See id.* at 17, 28-47.) The loan was serviced by defendant Nationstar and is currently held by defendant Bank of New York Mellon. (*See id.* at 18.) According to defendants, plaintiff defaulted, and defendant Nationstar sent plaintiff a notice of default. (*See* Dkt. 3 at 12.)

Plaintiff began requesting "loan modification or any other financial assistance options from [d]efendants" prior to December 15, 2014. (*See* Dkt. 1 at 18.) He "promptly and diligently [sent] every document [d]efendants requested," but defendants "repeatedly told [p]laintiff that they had[ not] received either all or part of various

2

documents." (*See id.*) Plaintiff "promptly complied with every request that [d]efendants made of him," and he "was never informed that he was not eligible for any of the loan modification options or programs that [d]efendants offer." (*See id.*)

On December 24, 2014, defendant Nationstar sent plaintiff a letter indicating that it had "completed the first filing notice required to start the foreclosure process"—even though plaintiff "had been repeatedly assured by [d]efendants that he was being reviewed for a loan modification"—and that "if [plaintiff had] already reached out for help, do[ not] worry, that process is still proceeding and *no further action is required.*" (*See id.* at 19 (emphasis in original).) According to the foreclosure notice, lenders, and agents, the balance of the mortgage was $98.159.66. (*See id.* at 20.)

## II. Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

3

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. Analysis

As a preliminary matter, the documents attached to defendants' Rule 12(b)(6) motion—specifically, alleged letters sent to plaintiff informing him of default and denying his requests for loan modification or other assistance—cannot be considered without converting the motion into one for summary judgment under Rule 56.

Defendants argue that this evidence is "[referenced] in the complaint and is central to the plaintiff's claim," and may thus be considered without converting the motion into one for summary judgment. (*See* Dkt. 3 at 12-13 n.1 (citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).) But when, as here, unverified communications "are unsigned, there is no way for the court to know if defendant sent and plaintiff received the letters, plaintiff has not had a chance to question anybody with regard to the letters, and they only

4

give one side of the story," they may not be considered without converting the motion. *See Houle v. Green Tree Servicing, LLC*, No. 14-cv-14654, 2015 U.S. Dist. LEXIS 53414, at *3 (E.D. Mich. Apr. 23, 2015) (Steeh, J.). *Cf. DBI Invs., LLC v. Blavin*, No. 14-1398, 2015 U.S. App. LEXIS 5034, at *2-3 (6th Cir. Mar. 26, 2015) (holding that both the partnership agreement at issue and "Dear Partner Letters" were central to the claims in the complaint and could thus be considered on a motion to dismiss). Documents attached to a Rule 12(b)(6) motion that "fill[] in the contours and details of the plaintiff's complaint[] and add[] nothing new," may be considered, see *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997), but not when they directly contradict the allegations in the complaint. *Cf. Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993) (document attached to 12(b)(6) motion could be considered, because it "did not rebut, challenge, or contradict anything in the plaintiffs' complaint").

Although it is improbable that the documents attached to defendants' motion are anything other than what defendants purport them to be, they cannot be considered without converting defendants' motion into a motion for summary judgment under Fed. R. Civ. P. 56.

In any case, the documents need not be considered, because plaintiff fails to plead any plausible claim on the face of his complaint.

### *a. Wrongful foreclosure*

Plaintiff alleges that "[d]efendants failed to properly follow the requirements of the Foreclosure process set forth in [Mich. Comp. Laws §] 600.3201 *et seq*[.], including, but not limited to, failing to properly calculate the amount claimed to be due on the date of the notice of foreclosure." (Dkt. 1 at 21.) But plaintiff's sole factual allegation in this regard is that "[a]ccording to the Foreclosure Notice, Lenders and its agents claim the balance on said Mortgage is $98.159.66." (*See id.* at 20.) Plaintiff does not allege how defendants improperly calculated that amount, how the amount should have been calculated, or even what the proper amount should have been. As many courts in this district have found under nearly identical circumstances, such a conclusory allegation lacks a sufficient factual basis to state a plausible claim for relief.[1]

---

[1] *See, e.g.*, *Caggins v. Bank of N.Y. Mellon*, No. 15-11124, 2015 U.S. Dist. LEXIS 85457, at *4-5 (E.D. Mich. July 1, 2015) (Steeh, J.) ("Plaintiff alleges that Defendants violated the Michigan foreclosure statute by failing 'to properly calculate the amount claimed to be due on the date of the notice of foreclosure.' . . . The Plaintiff does not plead any facts as to why she believes the amount stated in the foreclosure notice was miscalculated, how the amount was miscalculated, or

Plaintiff also claims that defendants "engaged in a pattern or practice of non-compliance with RESPA's mortgage-servicer provisions by, among other offenses, pursuing loss mitigation options contemporaneously with active foreclosure proceedings," and failing "to provide [p]laintiff with notice that there were no loss mitigation options available to him." (Dkt. 1 at 21.) Plaintiff requests an order that he be given an opportunity to become current on the mortgage, that

---

what the correct amount should have been. . . . Plaintiff's pleading is merely a conclusory allegation without factual support, which does not meet Rule 12(b)(6)'s pleading requirements."); *Fredericks v. Mortg. Elec. Registration Sys.*, No. 14-14270, 2015 U.S. Dist. LEXIS 70883, at *8 (E.D. Mich. June 2, 2015) (Borman, J.) ("Plaintiffs allege . . . that Defendants failed to follow the procedures set forth in Mich. Comp. Laws § 600.3201 *et seq.* 'by failing to properly calculate the amount claimed to be due on the date of the notice of foreclosure.' . . . This one-paragraph Count fails to plausibly suggest a claim."); *Fredericks v. Allquest Home Mortg. Corp.*, No. 15-10429, 2015 U.S. Dist. LEXIS 56447, at *6-7 (E.D. Mich. Apr. 30, 2015) (Edmunds, J.) ("Plaintiff alleges that Defendants failed to properly calculate the amount claimed to be due on the date of the notice of foreclosure in violation of Mich. Comp. Laws § 600.3212(c). From a pleading perspective, this claim falls short of the mark. Plaintiff fails to assert basic elements of her claim, including what she believed the correct amount due to be. Plaintiff has made no factual allegation beyond stating that the amount due was inaccurate."); *Frank v. Mortg. Elec. Registration*, No. 14-13518, 2014 U.S. Dist. LEXIS 167934, at *5 (E.D. Mich. Dec. 4, 2014) (Cohn, J.) ("Plaintiffs' wrongful foreclosure claim is alleged in the complaint as a 'fail[ure] to properly follow the requirements of the Foreclosure process set forth in MCL 600.3201, *et seq.*' . . . The complaint does not state with any degree of particularity what any of the alleged violations are. The closest the complaint appears to identify any wrongdoing is suggesting that the amount claimed to be due contained in the foreclosure notice was somehow improper. . . . However, the complaint presents no facts or explanation for how the amount on the notice was improperly calculated, why it is incorrect, or what the correct amount should have been. * * * The wrongful foreclosure claim is nothing more than the conclusory allegation that defendants failed to follow the foreclosure process. This 'formulaic recitation' fails to meet the minimum pleading requirement.") (quoting *Twombly*, 550 U.S. at 555).

7

defendants negotiate with plaintiff towards a reasonable loan modification, and "[a]ny other, further or different relief" deemed just and equitable. (*See id.*) But this claim fails as well, "because RESPA does not provide the relief requested." *See Fredericks v. Allquest Home Mortg. Corp.*, 2015 U.S. Dist. LEXIS 56447, at *7. Under RESPA, plaintiff may only seek "actual damages," see 12 C.F.R. §§ 1024.41, 2605(f), and—again, as many courts in this district have found under nearly identical circumstances—plaintiff's claim fails because he did not allege that he suffered any actual damages.[2]

---

[2] *See, e.g., Caggins*, 2015 U.S. Dist. LEXIS 85457, at *6 ("There is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified, or force Defendants to negotiate a loan modification. . . . To the extent Plaintiff intends to state a RESPA claim for monetary damages, the court dismisses the claim because Plaintiff does not allege any facts which would establish actual damages or a pattern or practice of non-compliance."); *Fredericks v. Allquest Home Mortg. Corp.*, 2015 U.S. Dist. LEXIS 56447, at *7-8 ("RESPA grants relief in the form of monetary damages. . . . Plaintiff, however, seeks a declaration that the foreclosure process is null and void, injunctive relief stopping the foreclosure and an order requiring Defendants to negotiate another loan modification, none of which is available under RESPA. The claim also fails to the extent that Plaintiff seeks money damages because Plaintiff has not alleged how a purported violation resulted in actual damages."); *Houle*, 2015 U.S. Dist. LEXIS 53414, at *8-9 ("The principal relief sought by plaintiff—to set aside the sheriff's sale—is unavailable to him under RESPA."); *Servantes v. Caliber Home Loans, Inc.*, No. 14-13324, 2014 U.S. Dist. LEXIS 170667, at *2-3 (E.D. Mich. Dec. 10, 2014) (Duggan, J.) ("To the extent Plaintiffs may wish to proceed with a RESPA claim for monetary damages only, the Court dismisses the claim because Plaintiffs have not alleged that Defendant's alleged violations of 12 C.F.R. § 1024.39-41 resulted in actual damages.").

### b. Breach of contract

Plaintiff alleges that defendants breached the terms of the mortgage contract and the implied covenant of good faith and fair dealing. But Michigan does not recognize an independent claim for breach of the implied covenant of good faith and fair dealing. *See Triplett v. Perry (*In re *Leix Estate)*, 797 N.W.2d 673, 683 (Mich. Ct. App. 2010) ("Unlike some other jurisdictions, Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing.") (internal quotations omitted); *Fodale v. Waste Mgmt. of Mich., Inc.*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006) (same). Defendants' motion is therefore granted as to plaintiff's implied-covenant claim.

Regarding the breach-of-contract claim, plaintiff alleges that "[n]one of the correspondence received by [p]laintiff contained all of the required components of Paragraph 22 of the Mortgage," (Dkt. 1 at 22), which provides in relevant part that:

> The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.

9

(*See id.* at 22, 40.) As with the rest of his complaint, plaintiff fails to plead sufficient facts to state a plausible claim for relief. Plaintiff attached none of the allegedly deficient letters to his complaint and fails to articulate what specific information was lacking from them. *See, e.g.*, *Caggins*, 2015 U.S. Dist. LEXIS 85457, at *6-7 ("Plaintiff generally alleges that the correspondence she received from the Defendants did not contain the components required by the mortgage agreement . . . . , [but] fails to identify the specific letters which she claims were deficient, the contents of these letters, or how and why the specific letters were deficient . . . . , [and thus] cannot survive a Rule 12(b)(6) motion to dismiss.").

And to the extent plaintiff alleges that defendants breached the mortgage contract by "[d]isingenuously negotiation loss mitigation assistance with [p]laintiff" and "[m]isleainding [p]laintiff about approval and extension of loss mitigation assistance as an alternative to foreclosure," (see Dkt. 1 at 22), the claim still fails. Plaintiff fails to plead any term of the mortgage that obligates defendants to modify the loan. *See, e.g., Frank v. Mortgage Elec. Registration*, 2014 U.S. Dist. LEXIS 167934, at *8 (dismissing claim because plaintiffs did "not set

10

forth any term in the note or mortgage which obligate[d] [defendant] to modify their loan," and "neither the note or mortgage contain[ed] any [such] term"). Defendants' motion is therefore granted as to plaintiff's breach-of-contract claim.

### *c. Fraudulent misrepresentation*

Plaintiff alleges that defendants fraudulently misrepresented that they would not begin foreclosure proceedings while the parties were actively pursuing loan modification or other financial assistance options. (*See* Dkt. 1 at 23.) According to plaintiff, defendants knew the statements were false or made the statements with reckless disregard for the truth, defendants intended to induce plaintiff to refrain from defending the foreclosure, plaintiff reasonably relied on the statements when he refrained from challenging the foreclosure, and plaintiff was damaged by losing all right, title, and interest in his home. (*See id.*) Plaintiff's claim fails for two reasons.

First, plaintiff fails to plead his fraud claim with particularity, as required. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud or mistake."). In order to satisfy this burden, plaintiff must: "(1) specify

the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (internal quotations omitted). Plaintiff fails to plead facts regarding when the alleged statements were made, who made the statements, or how the representations were false. Plaintiff's fraud claim is thus insufficiently pled under Rule 9(b). *See, e.g.*, *Caggins*, 2015 U.S. Dist. LEXIS 85457, at *7-8 ("Here, the Plaintiff fails to particularly identify the specific fraudulent statements, who made the statements, and when and where the statements were made. Therefore, the Plaintiff fails to plead fraudulent misrepresentation with the level of particularity required by Rule 9(b).").

Even if plaintiff had properly pled fraud under Rule 9(b), his claim is barred by the Michigan statute of frauds. Under Michigan law, "no cause of action can be brought against a financial institution for a promise of financial accommodation unless the promise is in writing and signed by an authorized signature." *See id.* at *8 (citing Mich. Comp. Laws § 566.132(2)(b)). Plaintiff argues that promissory estoppel can be invoked to bypass the statute of frauds, (see Dkt. 8 at 25-26

12

(citing *McMath v. Ford Motor Co.*, 259 N.W.2d 140, 142 (Mich. Ct. App. 1977) ("Promissory estoppel, if established, can be invoked to defeat the defense of the statute of frauds."))), but this argument fails as a matter of law. *McMath* is inapposite, because the defendant there was not a "financial institution" and was therefore not bound by Mich. Comp. Laws § 566.132(2)(b), which, "in clear and unambiguous language, . . . specifically bars" promissory estoppel actions. *See Crown Tech. Park v. D&N Bank, F.S.B.*, 619 N.W.2d 66, 73 (Mich. Ct. App. 2000); *see also Blackward Props., LLC v. Bank of Am.*, 476 F. App'x 639, 642 (6th Cir. 2012) ("Mich. Comp. Laws § 566.132(2) . . . amounts to 'an unqualified and broad ban' and bars '*all* actions for the enumerated promises and commitments, including actions for promissory estoppel.'") (quoting *Crown Tech. Park*, 619 N.W.2d at 73) (emphasis in original). Defendants' motion is therefore granted as to plaintiff's fraudulent misrepresentation claim.

## IV. Conclusion

Plaintiff fails to plead sufficient facts to state a plausible claim for wrongful foreclosure under either state or federal law, breach of contract, or fraudulent misrepresentation. And as highlighted

13

throughout this opinion, particularly in the examples given in the footnotes set forth above, courts in this district have considered virtually identical complaints and have uniformly dismissed them. Defendants' motion, (Dkt. 3), is granted.

IT IS SO ORDERED.

Dated: November 20, 2015  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2015.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager